```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


QUENTIN T. DOCKS,                  )
                                   )
          Plaintiff                )
                                   )
     v.                            )   Case No. 2:10 cv 99
                                   )
DEPARTMENT OF HOMELAND SECURITY    )
                                   )
          Defendants               )
```

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion and Order to Reconsider Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [DE 9] filed by the plaintiff, Quentin T. Docks, on December 20, 2010.

An indigent civil litigant does not have a constitutional or statutory right to be represented by counsel in federal court. Pruitt v. Mote, 503 F.3d 647, 656 (7th Cir. 2007). The Seventh Circuit clarified the proper analysis used to determine whether to recruit pro bono counsel in such a case: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt, 503 F.3d at 654-55 (citing Farmer v. Haas, 990 F.2d 319, 321-22 (7th Cir. 1993)).

In the court's December 2, 2010 Order, Docks was directed to show that he made an independent attempt to retain counsel. Despite this Order, Docks has not submitted an affidavit or other proof indicating what attempts he made to procure counsel. However, even if Docks satisfied this burden, his request would fail under the second prong of the analysis. The second prong, which has been clarified, provides:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff[.] . . . Rather the question is whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. (internal footnote, quotation, and citation omitted)
>
> Pruitt, 503 F.3d at 655

The court may take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as other relevant and practical information such as "intellectual capacity and psychological history." Id. Any evidence given in support of the request for counsel, as well as

that gleaned from the available pleadings and other case communication at the time, should be reviewed and considered. Id.

Here, the case docket reflects that Docks is literate and coherent. His complaint and motions are legible and understandable. The nature of the claims put forth are simple and straightforward. However, a cursory look at his complaint and motions cannot provide the court with adequate insight into Dock's mental status or psychological history. Given the information available at this stage in the cause of action and weighing the simple facts of the complaint with the plaintiff's lucid pleadings and motions, the court is satisfied that Docks can articulate his requests and proceed with the case. The court has the discretion to revisit the appointment of counsel if at any time in the proceedings the plaintiff proves himself incompetent to litigate his own claims. Pruitt, 503 F.3d at 658.

In light of these shortcomings, the Motion to Reconsider Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [DE 9] filed by the plaintiff, Quentin T. Docks, on December 20, 2010, is DENIED.

ENTERED this 11th day of February, 2011

s/ Andrew P. Rodovich
United States Magistrate Judge