UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| QUENTIN T. DOCKS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JANET NAPOLITANO, DEPARTMENT )<br>OF HOMELAND SECURITY )<br>    Defendant. ) | 2:10-cv-99 |

OPINION AND ORDER

This matter is before the court on the Motion to Reconsider Appointment of Legal Counsel [DE 38] filed on November 12, 2013.

The plaintiff, Quentin T. Docks, filed his first motion for appointment of counsel on June 23, 2010. The court denied his motion, advising Docks that he must submit an affidavit of his efforts to secure counsel. Docks filed an affidavit and asked the court to reconsider his motion. The court denied his motion to reconsider, explaining that the record reflected that Docks was literate and coherent. On June 21, 2012, the court issued a show cause order because, although Docks served the Department of Homeland Security, he failed to serve the United States Attorney for the Northern District of Indiana. Docks subsequently served the United States Attorney as directed and filed a second motion to reconsider the denial of his motion to appoint counsel on July 19, 2012. His motion reiterated the history of the case and asked the court to appoint him an attorney without providing any further explanation why he was unable to represent himself. Docks now asks the court for a fourth time to appoint counsel. He again reiterated the history of the case and his efforts to retain counsel indepenently.

The court does not appoint an attorney to every litigant who faces a financial hardship.

1

Rather, the court must weigh the complexity of the case with the apparent abilities of the litigant as reflected by the docket. *Gruenberg v. Gempeler,* 697 F.3d 573, 581 (7th Cir. 2012)*; Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007). As explained in the previous Order, Docks has made no effort to demonstrate that he is incapable of representing himself. His filings are legible and comprehensible, and he has demonstrated that he understands and can comply with court orders. Absent some demonstration that he lacks the capabilities to advocate on his behalf, Docks is not entitled to court appointed counsel and his motion is **DENIED.**

Federal Rule of Civil Procedure 11 states that the court may impose sanctions on a party for filing frivolous motions. Because this is the plaintiff's fourth motion requesting the appointment of counsel and he has not demonstrate new grounds on which counsel may be warranted, the plaintiff is **WARNED** that future motions requesting the same relief may result in sanctions.

ENTERED this 27th day of January, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge